IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIFRANCESCO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARAMARK CORPORATION, ARAMARK | : | |
| MANAGEMENT SERVICES, L.P., | : | |
| ARAMARK EVS LLP, LANKENAU | : | |
| HOSPITAL, ARAMARK FOOD & SUPPORT | : | |
| SERVICES, ARAMARK HEALTHCARE | : | |
| SUPPORT SERVICES, SERVICEMASTER | : | |
| MANAGEMENT SERVICES, L.P. | : | NOS. 04-5647; 05-3313 |

## MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE      April    24    , 2006

       On March 15, the undersigned issued a Memorandum and Order, granting the Defendants' Motions for Summary Judgment. In doing so, the court did not consider the Plaintiff's responses to the Motions because, as explained at length in our prior Memorandum, Plaintiff's counsel failed to timely respond. The Plaintiff has now filed a Motion To Alter or Amend the Judgments, asking the court to reconsider its decision not to consider Plaintiff's admittedly late filings, and asking the court to reconsider its ultimate decision on the merits, as well. For the reasons that follow, we will deny the Motion to Alter or Amend.

**Legal Standard**

       The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or

to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Here, there has been no intervening change in the law and the only new evidence contained in the Motion are additional excuses offered by counsel to explain his failure to comply with the deadlines imposed by this court. Thus, we believe Plaintiff's counsel's only recourse is to argue the need to correct a clear error of law or fact or prevent manifest injustice.

**DISCUSSION**

### The Poulis Factors

First, counsel argues that the court erred in failing to consider his late submissions in response to the motions for summary judgment. According to counsel, application of the factors enunciated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984) requires the court to consider the untimely response. By failing to apply the Poulis factors, Plaintiff argues that the court ignored controlling law. (Plaintiff's Memorandum, at 10). Counsel is mistaken.

In Poulis, the Third Circuit held that, when faced with a party who fails to comply with court imposed deadlines, the District Court should consider certain factors before imposing the drastic sanction of dismissal of a complaint.[1] Similarly, in considering the prior Order of the Honorable Marvin Katz, dismissing the Rehabilitation Act case, the Third Circuit found that consideration of the Poulis factors was appropriate where the court dismissed the case based on counsel's failures to comply with court orders. Here, we did not dismiss the Plaintiff's

---

[1] The Poulis factors are: (1) the extent of party's personal responsibility; (2) prejudice to adversary caused by failure to meet scheduling orders and to respond to discovery; (3) history of dilatoriness; (4) whether conduct of party or attorney was willful or in bad faith; (5) effectiveness of sanctions other than dismissal, which entails analysis of alternative sanctions; and (6) meritoriousness of claim or defense.

Complaints. Rather, we granted summary judgment to the Defendants, after considering their motions and whether they had met the standard of Rule 56.

The Third Circuit has never required consideration of the Poulis factors in the summary judgment context. In fact, the Third Circuit has specifically declined to do so. "We have never held, however, that consideration of *Poulis* type factors is required before a court enters a summary judgment on an uncontested Rule 56 motion and we decline to do so in this case." Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 178 (3d Cir. 1990). See also, King v. Township of East Lampeter, 17 F.Supp.2d 394, 406-07 (E.D. Pa. 1998)(VanAntwerpen)(decision whether to strike an untimely cross-motion for summary judgment was a matter of judicial discretion without mention of Poulis).

Although, in this case, Plaintiff's counsel eventually did respond to the motions for summary judgment, the response was filed two weeks after the response was originally due, and a full week after the second deadline imposed by the court, after a last-minute request by Plaintiff's counsel for a further extension. We do not believe the late filing alters the conclusion that the Poulis factors do not apply. Unlike a dismissal, there are evidentiary hurdles that the movant must overcome to demonstrate its entitlement to summary judgment. Thus, it is not an automatic sanction against the non-moving party. Moreover, in this case we had already begun preparing our opinion, considering the motions as unopposed. Surely, the Third Circuit did not intend for this to become a race to the Clerk's Office between a late party and the court, itself.

In addition, even if the court were to consider the Poulis factors, it would not alter our decision not to consider Plaintiff's untimely response to Defendants' summary judgment motions. As previously mentioned, the Poulis factors are: (1) the extent of party's personal

responsibility; (2) prejudice to adversary caused by failure to meet scheduling orders and to respond to discovery; (3) history of dilatoriness; (4) whether conduct of party or attorney was willful or in bad faith; (5) effectiveness of sanctions other than dismissal, which entails analysis of alternative sanctions; and (6) meritoriousness of claim or defense.

Only one of these factors favors the Plaintiff. We do not believe that Mr. DiFrancesco played any part in counsel's repeated failure to comply with filing deadlines, including the deadline for the filing of responses to the summary judgment motions. However, the Third Circuit has found that "the [Plaintiff's] lack of responsibility for [his] counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel." Poulis, at 868.

Here, all of the other factors weigh against the Plaintiff, some more heavily than others. With respect to the history of dilatoriness, as we discussed at length in the Memorandum granting the Defendants' Motions for Summary Judgment, Plaintiff's counsel had a long-history of ignoring this court's deadlines with impunity. We are compelled to reiterate that the court did extend the filing date for responses to the summary judgment motions by a week, noting that no further extensions of time would be granted. Without word from counsel, we began considering the motions unopposed when the time for filing a response expired because the trial date was looming. Clearly counsel's failure to comply with the deadline was willful. In the Motion for Reconsideration, Plaintiff's counsel seems to subscribe to the notion of "better to beg forgiveness than ask permission," explaining that he was afraid to notify my chambers of his slow progress on the response, after the admonition contained in our final order that there would be no further extensions. In addition, counsel's continued delay prejudiced the defense, because defense

counsel had shifted their focus from the summary judgment to trial preparation without the benefit of an opinion narrowing or extinguishing the issues, resulting in a waste of resources.[2]

Finally, as noted in the prior Memorandum and as will be discussed in the remainder of this Memorandum, the Defendants are entitled to judgment as a matter of law. Thus, the final factor also weighs against the Plaintiff. We did not abuse our discretion in disregarding counsel's late-filed response.

**Reconsideration**

As previously noted, the only basis upon which Plaintiff's counsel can seek reconsideration is by arguing the need to correct a clear error of law or fact or to prevent manifest injustice. We find neither.

**A. Request for Accommodation**

Plaintiff argues that the employer has a duty, not only to participate in the interactive process, but to initiate it. In support of this proposition, the Plaintiff cites Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944, 952 (8th Cir. 1999). As we stated in the original Memorandum, this is not the law of this Circuit. Taylor v. Phoenixville School Dist., 184 F.3d 296, 313 (3d Cir. 1999)("the employer must know of both the disability and the employee's desire for accommodations for that disability"); Jones v. United Parcel Service, 214 F.3d 402, 408 (3d Cir. 2000)(to show employer violated duty to engage in interactive process, the employee must show that he requested an accommodation or assistance with his disability).

---

[2] With respect to alternative sanctions, there really were none. With trial looming, the court had to begin consideration of the summary judgment motions without the benefit of the responses.

Plaintiff does not dispute the fact that he never requested an accommodation. Although counsel refers to a conversation Plaintiff's mother had with Plaintiff's supervisor, there is no evidence that she requested any accommodation for her son. Rather, it appears that she spoke to Pete Vasquez generally about Plaintiff's seizure disorder and its manifestations. (Statement of Anna DiFrancesco, at 3). In describing John's condition to the court, Mrs. DiFrancesco states that things needed to be explained to Mr. DiFrancesco as if he were a child. However, there is no indication that she explained this to Mr. Vasquez or anyone else at Aramark. We do not believe a conversation discussing the Plaintiff's seizure disorder, generally, suffices to meet the burden of requesting an accommodation or any special help.

Thus, we find no error in our determination that the Defendants were entitled to judgment as a matter of law on this issue.

### B. Feasibility of an Accommodation

In response to the court's conclusion that there was no feasible accommodation for Plaintiff's behaviors, the Plaintiff argues that the best evidence of the feasibility of an accommodation is the fact that he worked successfully at Lankenau for nearly 15 years. However, the very submissions that counsel wants the court to consider undermine this argument. In those submissions, Plaintiff informs us that the seizures that form the basis of his bizarre behavior began recurring in June of 2001, after having been non-existent since childhood. (Response to Summary Judgment, at 13; Anna DiFrancesco Statement, at 2; Statement of Susan Herman, M.D.). Thus, the fact that Plaintiff successfully worked for 15 years prior to the recurrence of the seizures is irrelevant. Once he again began suffering from the seizures, resulting in his bizarre behavior, the Plaintiff was disciplined on the job on three different

6

occasions (the third of which was actually the culmination of four different incidents) within 13 months.

In his motion for reconsideration, the Plaintiff also argues that the Plaintiff had occasional symptoms which could be dealt with easily. (Motion for Reconsideration, at 9). The medical evidence attached to his response to the motions for summary judgment belie this assertion. Susan Herman, M.D., with whom Plaintiff began treating in July, 2002, over a year after the Plaintiff's seizures began recurring, described Plaintiff as suffering one to two seizures a week at the time she began treating him. Dr. Herman explained that in addition to the blank stare, unresponsiveness, and confusion associated with the seizures, Plaintiff also suffered from irritability and mildly confrontational behavior as the frequency of the seizures increased. (Letter of Dr. Herman, 12/31/02).

The Plaintiff does not dispute that, in addition to the above-noted symptoms, the seizures caused him to make "bizarre noises." see Motion for Reconsideration, at 24 n.4. The undisputed evidence presented by the defense is that Plaintiff made very loud barking and screeching noises, for which he was disciplined. (Pearson Dep., at 24, 29-31).

Considering the evidence, we find no error in our conclusion that there was no feasible accommodation at Lankenau for Plaintiff's impairment and its manifestations.

### C. Relationship between Lankenau and Aramark

Finally, in the motion for reconsideration, the Plaintiff takes issue with the Court's dismissal of Lankenau on the basis that there is no evidence to establish an employer/employee relationship between the two for purposes of the ADA. In the summary judgment opinion, we noted that the only evidence upon which the Plaintiff could rely is the "Managed Services

7

Agreement" between Aramark Health Services and Lankenau, which stated that employees assigned by Aramark must be acceptable to Lankenau.  See Memorandum & Order, 3/14/06, at 19.  Plaintiff complains that we failed to note that in the same section of the "Managed Services Agreement" there is a provision that Aramark was required to remove an employee at Lankenau's request.  Our failure to note this additional verbiage does nothing to change the fact that the Plaintiff has no evidence that Lankenau made such a request.

### Conclusion

Because the Plaintiff has failed to establish any proper basis for the Court's reconsideration of its prior Order, we will deny his motion.  Summary judgment was properly granted to the Defendants on the ADA, PHRA, and Rehabilitation Act claims.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIFRANCESCO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARAMARK CORPORATION, ARAMARK MANAGEMENT SERVICES, L.P., ARAMARK EVS LLP, LANKENAU HOSPITAL, ARAMARK FOOD & SUPPORT SERVICES, ARAMARK HEALTHCARE SUPPORT SERVICES, SERVICEMASTER MANAGEMENT SERVICES, L.P. | : : : : : : | NOS. 04-5647; 05-3313 |

## **O R D E R**

AND NOW, this 24th day of April, 2006, upon consideration of the Plaintiff's Motion to Alter or Amend the Judgments, the responses, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE